**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30196 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00157-SPW-2 |
| v. | |
| CHARLES ANTHONY SLOAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 21, 2021[**]

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Charles Anthony Sloan appeals from the district court's judgment and

challenges the 84-month sentence imposed following his guilty-plea conviction for

conspiracy to possess with intent to distribute methamphetamine and distribution

of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sloan contends that the district court erred by denying his request for a minimal participant reduction under U.S.S.G. § 3B1.2(a). We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record reflects that the district court properly considered the factors listed in the commentary to the mitigating role Guideline. *See* U.S.S.G. § 3B1.2 cmt. n.3(C). The court acknowledged Sloan's mitigating circumstances, including that Sloan was not entrusted with the drugs for sale or the proceeds from the sale, but reasonably denied the reduction in light of Sloan's decision-making authority, his awareness of the scope and structure of the criminal activity, and the nature of his participation. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (district court may deny a § 3B1.2 adjustment even if some factors weigh in favor of a reduction). To the extent Sloan also contends that the court erred by denying a minor participant adjustment under U.S.S.G. § 3B1.2(b), the district court did not abuse its discretion by concluding that Sloan was not "substantially less culpable than the average participant" in the criminal activity. *See United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018). Under the totality of the circumstances, the district court did not abuse its discretion. *See* U.S.S.G. § 3B1.2

2                                                                                    20-30196

cmt. n.3(C), n.4, n.5.

**AFFIRMED.**